UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ENESI TURMAN and ROBERT BLAND, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>XPO LOGISTICS FREIGHT INC.,<br><br>Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs—Enesi Turman and Robert Bland—bring this action individually and on behalf of all current and former hourly Forklift Drivers (collectively, "Plaintiffs and the Putative Collective/Class Members"), who worked for Defendant—XPO Logistics Freight Inc. ("XPO")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1–105/15 ("IMWL").

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and class actions pursuant to the state laws of Illinois under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiffs and the Putative Collective/Class Members are those similarly situated persons who worked for XPO at any time during the relevant time periods through the final disposition of this

matter and have not been paid for all hours worked nor the correct amount of wages, including overtime, in violation of state and federal law.

3. Although Plaintiffs and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Collective/Class Members were not paid overtime of at least one and one-half of their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiffs and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), XPO knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, XPO's regular practice—including during weeks when Plaintiffs and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to only pay overtime compensation to the Plaintiffs and the Putative Collective/Class Members' for hours worked in excess of forty-five (45) hours in a workweek.

7. The effect of XPO's practices was (and is) that all overtime eligible hours worked by Plaintiffs and the Putative Collective/Class Members was not (and is not) paid at the correct rate; thus, XPO has failed to properly compensate them the proper amount of overtime under the FLSA and applicable state law.

8. XPO knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for the proper amount of overtime compensation on a routine and regular basis during the relevant time period(s).

9. Plaintiffs and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

10. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all other damages owed under the state laws of Illinois as a class action pursuant to FED. R. CIV. P. 23.

11. Plaintiffs also pray that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiffs also prays that the Rule 23 classes are certified as defined herein, with the Plaintiffs designated herein named as the Class Representatives.

## II.
## THE PARTIES

13. Plaintiff—Enesi Turman ("Turman")—was employed by XPO in Michigan during the relevant time period(s). Plaintiff Turman did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. Plaintiff—Robert Bland ("Bland")—was employed by XPO in Illinois during the relevant time period(s). Plaintiff Bland did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] The written consent of Enesi Turman is attached hereto as Exhibit "A."

[2] The written consent of Robert Bland is attached hereto as Exhibit "B."

15. The FLSA Collective Members are those current and former hourly Forklift Drivers[3] who were employed by XPO at any time from June 5, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

16. The IMWL Class Members are those current and former current and former hourly Forklift Drivers who were employed by XPO in the State of Illinois at any time from June 5, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Bland worked and was paid.

17. Defendant XPO Logistics Freight Inc. is a foreign for-profit corporation that is headquartered in, and licensed to do business in, the State of Connecticut and may be served through its registered agent for service of process: **Registered Agent Solutions, Inc. 2138 Silas Deane Hwy, Suite 101, Rocky Hill, Connecticut 06067.**

## III.
## JURISDICTION & VENUE

18. This Court has federal question jurisdiction over Plaintiffs' claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

19. This court has original subject matter jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000.00, and there is minimal diversity between the Putative Class Members and Defendant.

20. This Court also has supplemental jurisdiction over Plaintiffs' additional state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

21. Plaintiffs have not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

---

[3] Forklift Drivers are also called Dockworkers at some XPO locations.

22. This Court has general personal jurisdiction over XPO because Connecticut qualifies as its home state.

23. Venue is proper pursuant to 28 U.S.C. § 1391 in the District of Connecticut because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24. Additionally, XPO's corporate headquarters are in Greenwich, Connecticut, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

25. Defendant XPO provides shipping and logistics services throughout the United States for its business customers.[4]

26. To provide its services, XPO employed (and continues to employ) numerous hourly Forklift Drivers—including Plaintiffs and the individuals that make up the putative collective and class.

27. Plaintiffs and the Putative Collective/Class Members were employed by XPO as non-exempt Forklift Drivers who were not paid overtime compensation for all hours worked in excess of forty (40) hours each workweek.

28. Plaintiffs and the Putative Collective/Class Members' job duties include driving forklifts, moving customer's materials around a warehouse, and assisting with the loading and unloading of customer's materials.

29. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

30. Importantly, none of the FLSA exemptions relieving a covered employer (such as XPO) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Collective/Class Members.

---

[4] https://XPO.com/about-us

31. Plaintiff Turman has been employed by XPO as a Forklift Driver in the state of Michigan since approximately April of 2018.

32. Plaintiff Bland was employed by XPO as a Forklift Driver in the State of Illinois from approximately April of 2022 until July of 2023.

33. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of XPO resulting in the complained of FLSA and state law violations.

34. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties.

35. Plaintiffs and the Putative Collective/Class Members are non-exempt employees who were (and are) paid by the hour.

36. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of XPO resulting in the complained of FLSA and state law violations.

### Overtime Only After 45 Hours

37. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and are only paid overtime compensation for hours in excess of forty-five (45) hours in a workweek.

38. Plaintiffs and the Putative Collective/Class Members were typically scheduled to work 10-hour shifts each day for five (5) days per week, which equates to fifty (50) hours per week.

39. Although the Plaintiffs and the Putative Collective/Class Members accrue approximately ten (10) hours of overtime each week, XPO only pays overtime compensation for hours in excess of forty-five (45) hours in a workweek.

40. Thus, in a typical fifty (50) hour workweek, Plaintiffs and the Putative Collective/Class Members are paid for forty-five (45) hours of work at their regular rate of pay, and five (5) hours of work at their overtime rate.

41. As a result of XPO's failure to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked in excess of forty (40) at the correct overtime rate, Plaintiffs and the Putative Collective/Class Members worked overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.

42. XPO's failure to compensate Plaintiffs and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours violated (and continues to violate) the FLSA and applicable state law.

43. XPO knew or should have known that it was not (and is not) compensating Plaintiffs and the Putative Collective/Class Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA and relevant state law.

44. XPO knew or should have known that not compensating the Plaintiffs and the Putative Collective/Class Members for all overtime hours worked at the correct rate did cause, and continues to cause, financial injury to Plaintiffs and the Putative Collective/Class Members.

45. Because XPO did not pay Plaintiffs and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, XPO's pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state laws.

46. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all overtime and treble damages pursuant to applicable state law.

# V.
# CAUSES OF ACTION

## FIRST CAUSE OF ACTION
(Collective Action Alleging FLSA Violations)

**A.     FLSA COVERAGE**

47. The preceding paragraphs are incorporated as though fully set forth herein.

48. The FLSA Collective is defined as follows:

**ALL FORKLIFT DRIVERS WHO WERE EMPLOYED BY XPO LOGISTICS FREIGHT INC., AT ANY TIME FROM JUNE 5, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

49. At all material times, XPO has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

50. At all material times, XPO has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

51. At all material times, XPO has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of telecommunications infrastructure and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

52. Specifically, XPO employs numerous Forklift Drivers to provide services in the telecommunications industry across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

53. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by XPO, these individuals provided services for XPO that involved interstate commerce for purposes of the FLSA.

54. In performing work for XPO, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

55. Specifically, Plaintiffs and the FLSA Collective Members are (or were) hourly employees who assisted XPO's customers and employees throughout the United States. 29 U.S.C. § 203(j).

56. At all material times, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

57. The proposed classes of similarly situated employees—that is, the FLSA collectives sought to be certified pursuant to 29 U.S.C. § 216(b), are defined in Paragraph 48.

58. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of XPO.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

59. XPO violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of moving goods, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

60. Moreover, XPO knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

61. XPO knew or should have known its pay practices were in violation of the FLSA.

62. XPO is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

63. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted XPO to pay them according to the law.

64. The decision and practice by XPO to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and was neither reasonable nor in good faith.

65. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action collectively on behalf of XPO's employees who are (or were) similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

68. Other similarly situated employees of XPO have been victimized by XPO's patterns, practices, and policies, which are in willful violation of the FLSA.

69. The FLSA Collectives are defined in Paragraph 48.

70. XPO's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of XPO, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

71. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA collectives will not likely obtain redress of their injuries and XPO will retain the proceeds of their violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 48.

## SECOND CAUSE OF ACTION
### (Class Action Alleging Violations of the IMWL)

**A.    IMWL COVERAGE**

78. All previous paragraphs are incorporated as though fully set forth herein.

79. The IMWL Class is defined as:

**ALL FORKLIFT DRIVERS WHO WERE EMPLOYED BY XPO LOGISTICS FREIGHT INC., IN THE STATE OF ILLINOIS, AT ANY TIME FROM JUNE 5, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("IMWL Class Members").**

80. At all material times, XPO has been an "employer" as defined by the IMWL. *See* 820 Ill. Comp. Stat. Ann. 105/3(c).

81. At all material times, Plaintiff Bland and the IMWL Class Members were XPO's "employees" as defined within the IMWL. *See* 820 Ill. Comp. Stat. Ann. 105/3(d).

82. XPO—the "employer"—is not exempt from paying wages and overtime benefits under the IMWL.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE IMWL**

83. All previous paragraphs are incorporated as though fully set forth herein.

84. The IMWL requires employers, like XPO, to pay employees, including Plaintiff Bland and the IMWL Class Members, overtime wages at a rate not less than 1.5 times their regular rates of pay—based on all renumeration recovered—for all hours worked after forty (40) hours in a workweek. *See* 820 Ill. Comp. Stat. Ann. 105/4a.

85. XPO violated, and continues to violate, the IMWL by failing to pay Plaintiff Bland and the IMWL Class Members overtime wages at rates not less than 1.5 times their regular rates for all hours worked after forty (40) in a workweek, worked by Plaintiff and the IMWL Class Members.

86. In violating the IMWL, XPO acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Illinois law.

87. As a direct and proximate result of XPO's willful conduct, Plaintiff Bland and the IMWL Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including treble damages, monthly statutory damages, and reasonable attorneys' fees pursuant to the IMWL. *See* 820 ILCS 105/12(A).

88. XPO is in possession and control of necessary documents and information from which Plaintiff Bland would be able to precisely calculate damages.

89. The proposed class of putative class members sought to be certified pursuant to the IMWL is defined in Paragraph 79.

90. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of XPO.

C. **IMWL CLASS ALLEGATIONS**

91. Plaintiff Bland and the IMWL Class Members bring their IMWL claim as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by XPO to work in Illinois since June 5, 2021.

92. Class action treatment of Plaintiff Bland and the IMWL Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

93. The number of IMWL Class Members is so numerous that joinder of all class members is impracticable.

94. Plaintiff Bland's IMWL state-law claims share common questions of law and fact with the claims of the IMWL Class Members.

95. Plaintiff Bland is a member of the IMWL Class, his claims are typical of the claims of other IMWL Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other IMWL Class Members.

96. Plaintiff Bland and his counsel will fairly and adequately represent the IMWL Class Members and their interests.

97. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the IMWL Class should be certified as defined in Paragraph 79.

## VI.
## RELIEF SOUGHT

98. Plaintiffs respectfully pray for judgment against XPO as follows:

    a. For an Order certifying the FLSA Collective as defined in ¶ 48;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to § 16(b) of the FLSA finding XPO liable for unpaid wages, including unpaid overtime wages, due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the IPWCA Class as defined in ¶ 79, and designating Plaintiff Bland as Representative of the IMWL Class;

    e. For an Order pursuant to the Illinois state law awarding Plaintiff Bland and the IMWL Class Members damages for unpaid wages and all other damages allowed by law;

    f. For an Order awarding the costs of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

    i. For an Order awarding Plaintiffs Turman and Bland service awards as permitted by law;

    j. For an Order compelling the accounting of the books and records of XPO, at XPO's expense (should discovery prove inadequate); and

    k. For an Order granting such other and further relief as may be necessary and appropriate.

Date:  June 5, 2024

Respectfully submitted,

Plaintiffs for themselves and other similarly situated individuals

By: _____
Richard E. Hayber
**Hayber, McKenna & Dinsmore, LLC**
Juris No. 426871
750 Main Street, Suite 904
Hartford, CT 06103
Telephone:  (860) 522-8888
Facsimile:        (860) 218-9555
rhayber@hayberlawfirm.com

**Clif Alexander** (*pro hac vice* anticipated)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin Anderson** (*pro hac vice* anticipated)
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter T. Hastings** (*pro hac vice* anticipated)
Texas Bar No. 24101879
carter@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Jennifer McManus** (*pro hac vice* anticipated)
Michigan Bar No. P65976
jmcmanus@faganlawpc.com
**FAGAN MCMANUS, P.C.**
25892 Woodward Avenue
Royal Oak, Michigan
Telephone: (248) 658-8951
Facsimile: (248) 542-6301

***Attorneys in Charge for Plaintiffs and Putative Collective/Class Members***